## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | | |
|---|---|---|
| Brian and Sara Bendorf, | ) | |
| on behalf of themselves and | ) | |
| and all others similarly situated, | ) | |
| | ) | Demand for Jury Trial |
| | ) | Case No. |
| | ) | |
| *Plaintiffs*, | ) | COMPLAINT – CLASS ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| KIA America, Inc., | ) | |
| 111 Peters Canyon Rd. | ) | |
| Irvine, CA 92606 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Hyundai Motor America | ) | |
| 10550 Talbert Ave. | ) | |
| Fountain Valley, CA 92708 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Hyundai Kia America | ) | |
| Technical Center, Inc. | ) | |
| 6800 Geddes Rd. | ) | |
| Superior Township, MI 48198 | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Comes now Plaintiffs Brian and Sara Bendorf, individually and on behalf of all

other persons similarly situated, for their complaint for damages against Defendants

Kia America, Inc, Hyundai Motor America, and Hyundai Kia America Technical Center, Inc. (collectively, "Defendants").

## NATURE OF ACTION

1.      This is a class action claim arising from a defect in Defendants' vehicles which make them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

2.      Defendants did not disclose this defect, which is a material fact, and a fact that a reasonable person would rely on when purchasing a vehicle.

3.      During the relevant class period, Defendants sold these Defective Vehicles (as defined below) at multiple locations throughout the state of Missouri and the United States.

4.      During the relevant class period, Defendants sold the Defective Vehicles to Plaintiffs and other reasonable consumers without disclosing the fact that these vehicles had a defect which made them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

## PARTIES

5.      Plaintiffs Brian and Sara Bendorf are residents and citizens of the state of Missouri.

6.      Plaintiffs brings this action on their own behalf and as a representative of a class of persons who purchased a Defective Vehicle that was manufactured, produced, distributed, and/or sold by Defendants. This matter arises out of negligent acts, errors and omissions, including those for which Defendants are strictly liable,

committed by the Defendants against Plaintiffs causing Plaintiffs and the putative class to suffer economic injury.

7.     Plaintiffs brings this action on their own behalf and as representatives of a class of similarly situated persons to recover damages for violations of the Missouri Merchandising Practices Act, Mo. Ann. Stat. §§407.010 *et seq*., the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.,* among other claims, for economic and injunctive relief against Defendants which manufactured, tested, distributed, promoted and sold the Defective Vehicles.

8.     Plaintiffs are "persons" and have purchased a Defective Vehicle in a "sale" within the last five years, as those terms are defined in §50-623 *et seq.,* R.S.Mo. At the time the vehicle was purchased, Plaintiffs were unaware that the vehicle was defective and that it was not fit for the ordinary purposes for which the product is used in that it is easy to steal, unsafe, and worth less than it should be if it did not have the defect.

9.     Specifically, Plaintiffs purchased a 2021 Hyundai Sonata on August 24, 2021 at McCarthy Blue Springs Hyundai for personal, family, or household purposes.

10.     Plaintiffs, on behalf of themselves and the putative class, seek a refund for monies paid as a result of their purchase of the Defective Vehicles, and further seeks injunctive relief, enjoining Defendants from selling the Defective Vehicles, and requiring Defendants to fix the defect.

11.     On information and belief, Defendant, Kia America, Inc., is a California corporation that maintains its principal place of business at 111 Peters Canyon Road,

Irvine, California, 92606. Defendant Kia America, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

12.     On information and belief, Defendant, Hyundai Motor America, is a California corporation that maintains its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708. Defendant Hyundai Motor America is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

13.     On information and belief, Defendant, Hyundai Kia America Technical Center, Inc., is a Michigan corporation that maintains its principal place of business at 6800 Geddes Road, Superior Township, Michigan 48198. Defendant Hyundai America Technical Center, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because (1) Plaintiffs bring this action on behalf of a class which numbers in the thousands, (2) Plaintiffs (Missouri) and Defendants (California and Michigan) are citizens of different states, and (3) the

aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Plaintiffs are bringing a putative nationwide class that includes all people that purchased a Defective Vehicle. On information and belief, Defendants have sold thousands of Defective Vehicles throughout Missouri and the United States, totaling millions upon millions of dollars insales.

15.    This Court has personal jurisdiction over Defendants pursuant to §506.500 R.S.Mo. in that Defendants transact business within the state of Missouri and committed one or more tortious acts within the state of Missouri.

16.    Defendants transacted business and/or committed tortious acts within the state of Missouri. Defendants design, manufacture, distribute, and/or sell dangerous and/or defective vehicles in Missouri. Defendants placed the Defective Vehicles and dangerous products into the stream of commerce, sold and/or supplied said products for use, used said products, and/or transacted business and committed tortious acts in Missouri from which Plaintiffs' claims arise.

17.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events that gave rise to the claims in this case occurred in this District in that the purchase of the Defective Vehicle by Plaintiffs took place in Jackson County, Missouri.

18.    Venue is proper in this Division pursuant to Local Rule 3.2 in that Defendants are not residents of this District and Plaintiffs reside in Jackson County, Missouri.

## FACTUAL ALLEGATIONS

19.     The Defective Vehicles made the subject of this suit, which are manufactured, designed, produced, distributed, and sold by Defendants, are easy to steal, unsafe, and worth less than they would be if they did not have the defect.

20.     Defendants manufacture, design, produce, distribute and sell the "Defective Vehicles," which are hereby defined as: "all Kia models from 2011-2021, and all Hyundai models from 2015-2021." All these vehicles share the same defects, and therefore an owner of any one of them may bring a class action on behalf of the entire class.

21.     Defendants concealed or otherwise failed to disclose, reveal, or provide notice to customers, including Plaintiffs, in Defendants' advertising, labeling or otherwise that these vehicles are defective and are not fit for the ordinary purposes for which the vehicles are used in that are easy to steal, unsafe, and worth less than they should be, if they were not defective.

22.     The vehicles are defective in that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that make it more difficult to start a vehicle without a key.

23.     This means that all a thief needs to do is strip the ignition column, exposing a piece that pops off and they can then can stick a USB drive, a knife, or something like that to start the vehicle without a key or code. Considering how many people charge their cell phones in their cars, the necessary instrument needed to steal a Defective Vehicle is usually readily available to any thief.

24.     Defendants knew their vehicles were defective in this manner but failed and refused to disclose these defects to customers, despite having the capability and means to do so.

25.     Defendants had the capability and means to add an engine immobilizer or similar device, yet they failed to do so.

## CLASS ACTION ALLEGATIONS

26.     Plaintiffs brings this class action pursuant to Rule 23, Federal Rules of Civil Procedure, on behalf of themselves and the following class of similarly situated persons: all persons who purchased a Defective Vehicle:

   a.  A "Nationwide Class" based on claims of unjust enrichment, negligence, violations of the Magnuson Moss Warranty Act, and/or breach of express and/or implied warranty consisting of all customers who purchased any of the Defective Vehicles in the United States within the applicable statute of limitations; or

   b.  A "Missouri Sub-Class" based on claims brought under the Missouri Merchandising Practices Act and for unjust enrichment, strict liability design defect, strict liability failure to warn, negligence and/or breach of implied and/or express warranty consisting of all persons who purchased any of the Defective Products in the state of Missouri for personal, family, or household purposes within the applicable statute of limitations period.

27.    Excluded from each Class or Sub-Class is Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents or employees; the judicial officers assigned to this litigation; and members of their staffs and immediate families. Also excluded from the Class or Sub-Class are those claiming they have suffered a personal injury as result of the Defective Vehicles, as well as residents of Wisconsin.

28.    The proposed Nationwide Class or Missouri Sub-Class meet all requirements for class certification. The Class or Sub-Classes satisfy the numerosity standards. The Class or Sub-Classes are believed to number in the thousands of persons. As a result, joinder of all Class or Sub-Class Members in a single action is impracticable. Class or Sub-Class Members may be informed of the pendency of this Class Action by published and broadcast notice.

29.    There are questions of fact and law common to the Nationwide Class or Missouri Sub-Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class or Sub-Class arising from Defendants' actions include, without limitation, the following:

      a.    Whether Defendants manufactured and designed the Defective Vehicles without engine immobilizers;

      b.    Whether the failure of the vehicles to have engine immobilizers makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers

c.      Whether the absence of an engine immobilizer is a material fact in the purchasing of a vehicle;

d.      Whether, in marketing and selling the Defective Vehicles, Defendants failed to disclose the lack of an engine immobilizers;

e.      Whether Defendants failed to disclose and/or concealed the material fact that the Defective Vehicles, among other things, did not have engine immobilizers;

f.      Whether Defendants failed to warn adequately of the dangers of vehicles that do not contain engine immobilizers;

g.      Whether Defendants knew or should have known that the Defective Vehicles did not have engine immobilizers;

h.      Whether Defendants knew or should have known that the failure of the vehicles to have engine immobilizers makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers;

i.      Whether Defendants continued to manufacture, market, distribute, and sell the Defective Vehicles notwithstanding its knowledge of the defects' dangerous nature and risks of harm;

j.      Whether Defendants knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of the Defective Vehicles from the consuming public;

k. Whether Defendants' conduct violated Missouri's Merchandising Practices Act; and/or

l. Whether Defendants' conduct violated the Magnuson Moss Warranty Act.

30. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

31. A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class Members or Sub-Class Members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Nationwide Class Members or Missouri Sub-Class Members to protect their interests.

32. The claims of Plaintiffs are typical of the claims of members of the Nationwide Class and the Missouri Sub-Class. Upon information and belief, the Defective Vehicles all share the same defects. Upon information and belief, the labels, advertising, and disclosures concerning the Defective Vehicles all fail to disclose the presence of these defects. Therefore, the information withheld by Defendants to Plaintiffs and all Nationwide Class or Missouri Sub-Class members was identical.

33. Plaintiffs are adequate representatives of the Nationwide Class and Missouri Sub-Class because they are a member of both Classes and their interest

does not conflict with the interests of the members of the Nationwide Class or Missouri Sub-Class they seek to represent. The interests of the members of the Nationwide Class or Missouri Sub-Class will be fairly and adequately protected by the Plaintiffs and their undersigned counsel, who have extensive experience prosecuting complex class action litigation.

34.     Plaintiffs seek a refund of some or all monies paid as a result of their purchase of the Defective Vehicle that occurred following Defendants' wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion, labeling and/or selling of the Defective Vehicle.

35.     Plaintiffs specifically exclude from this class action any damages, losses, or other relief of any kind arising from the personal injuries suffered by those class members personally injured by the Defective Vehicle based on the defects. This class action seeks only the economic and injunctive relief requested herein to which class members are entitled under the Missouri Merchandising Practices Act and other claims pled.

36.     Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the Nationwide Class or Missouri Sub-Class who suffered harm to bring a separate action given the damages at issue compared to the costs of litigating each individual claim. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

adjudications, while a single class action can determine, with judicial economy, the rights of all Nationwide Class Members or Missouri Sub-Class Members.

37. Class action treatment of the claims in this action is the superior method of resolution with respect to concerns of efficiency, fairness and equity over other available methods of adjudication.

38. Class action treatment is appropriate in this case because Defendants acted, or refused to act, in a manner that was generally applicable to – and often identical to – grounds that are applicable to each member of the Nationwide Class or Sub-Class. Defendants withheld the same information from all members of the Nationwide Class or Missouri Sub-Class and sold vehicles with the same defects.

39. Notice can be provided to Class Members or Sub-Class Members by using techniques and forms of notice similar to those customarily used in other defective-product cases and complex class actions.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF THE MISSOURI MERCHANDISING PRACTICE ACT

40. Plaintiffs re-allege and incorporate herein all other allegations in this Complaint.

41. The acts and practices engaged in by Defendants, and described herein, constitute unlawful, unfair and/or fraudulent business practices in violation of the Missouri Merchandising Practices Act, Mo. Ann. Stat. §§ 407.010 *et seq*.

42. Defendants engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression, or omission of

material facts—specifically, the failure to warn or disclose that the vehicles were defective, including that they lacked an engine immobilizer—in connection with the sale, distribution or advertisement of the Defective Product violation of Mo. Rev. Stat. § 407.020.

43.     Plaintiffs purchased the Defective Vehicle, a product that was falsely represented, as stated above, in violation of the Missouri Merchandising Practices Act, and as a result, Plaintiffs suffered economic damages in that the vehicle they purchased was worth less than the vehicles they thought they had purchased had Defendants not omitted material facts. Plaintiffs, and other reasonable consumers, had no reasonable information to suggest that the Defective Vehicle lacked an engine immobilizer or was otherwise easy to steal and unsafe.

44.     Plaintiffs and the Missouri Sub-Class acted as reasonable consumers would in light of all circumstances.

45.     Defendants' actions and omissions would cause a reasonable person to enter in the sale and transaction that resulted in damages to Plaintiffs and the Missouri Sub-Class.

46.     As a result of Defendants' actions and omissions, Plaintiffs and the Missouri Sub-Class suffered economic damages that can be calculated with a reasonable degree of certainty, including a refund of some or all the monies paid as a result of their purchases.

47.     Plaintiffs and the Missouri Sub-Class also seek injunctive relief, requiring Defendants to fix the Defective Vehicles.

48.     At the time of Defendants' design, manufacture, processing, distribution, sale and/or use of the Defective Vehicles, Defendants knew of the dangerous condition of the vehicles, in that they lacked an engine immobilizer making them easy to steal, and supplied them with deliberate and/or intentional disregard for making any warning, instruction, or other precaution to prevent injuries and/or theft and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendants specifically placed profits ahead of the health and safety of others by intentionally omitting and concealing material facts about the Defective Vehicles lack of engine immobilizer and ease at which they can be stolen. Defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiffs and the Missouri Sub-Class.

WHEREFORE, Plaintiffs prays for judgment against Defendants for actual damages in excess of the jurisdictional limit as determined at trial, injunctive relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

## COUNT II – VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT

49.     Plaintiffs re-allege and incorporates herein all other allegations in this Complaint.

50.     Plaintiffs bring this Count against Defendants on behalf of members of the Nationwide Consumer Class.

51.     This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 1332(a)-(d).

52.     The Defective Vehicles are "consumer products" within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(1).

53.     Plaintiffs and Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

54.     Defendants are "suppliers" and "warrantors" within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

55.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied or written warranty.

56.     Defendants provided Plaintiffs and the other Class members with an implied warranty of merchantability in connection with the purchase or lease of their vehicles that is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S. C. § 2301(7).

57.     As a part of the implied warranty of merchantability, Defendants warranted that the Defective Vehicles were fit for the ordinary purpose of passenger motor vehicles, were not far easier to steal than other vehicles, and were not unsafe due to the ease at which they can be stolen.

58.     Defendants breached this implied warranty and are therefore liable to Plaintiffs and the Class pursuant to 15 U.S.C. § 2310(d)(1) because, without limitation, the Defective Vehicles share common design defects, including that they lack engine immobilizers.

59.    Defendants provided Plaintiffs and the other Class members with an express written warranty in connection with the purchase or lease of their vehicles, as described further below, that is a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

60.    Defendants made written affirmations of fact that the Defective Vehicles would be free of defects that would prevent ordinary use.

61.    Upon information and belief, Defendants affixed labeling and other written affirmations making specific, performance-related representations related to the nature of the Defective Vehicles, including expressly warranting that the Defective Vehicles were high quality, properly designed, in conformance with applicable federal standards, and at a minimum, would work properly.

62.    Defendants breached their express warranties for the Defective Vehicles by, among other things, selling or leasing to Class members Defective Vehicles that are not free of material defects; they contain no engine immobilizers, are far  easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers, which they should.

63.    Any efforts to limit the express and implied warranties in a manner that would exclude coverage of the Defective Vehicles is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Defective Vehicles is null and void. Any limitations on the express and implied warranties are procedurally unconscionable. Defendants purposefully misrepresented the Defective Vehicles to consumers.

64.     Additionally, there was unequal bargaining power between Defendants, on the one hand, and Plaintiffs and the other Class members, on the other.

65.     Any limitations on the express and implied warranties are substantively unconscionable.

66.     Defendants knew that no engine immobilizers were installed on the Defective Vehicles and that they were failing to disclose this material fact, thereby misrepresenting the safety, ease of theft, and value of the Defective Vehicles.

67.     Defendants failed to disclose the defects to Plaintiffs and the other Class members even though Defendants were aware of the defects.

68.     Given this intentionally fraudulent behavior, Defendants' enforcement of any durational limitations on those warranties, would be harsh and shock the conscience. Plaintiffs and each of the other Class members have had sufficient direct dealings with either Defendants or their agents (dealerships) to establish privity of contract as far as it relates to the warranties.

69.     Nonetheless, privity is not required here because Plaintiffs and each of the other Class members are intended third-party beneficiaries of contracts between Defendants and their dealers and agents.

70.     Specifically, Plaintiffs and each of the other Class members are intended third-party beneficiaries of the implied and written warranties.

71.     The dealers and agents were not intended to be the ultimate consumers of the Defective Vehicles and have no rights under the warranty agreements provided

for the Defective Vehicles: the warranty agreements were designed for and intended to benefit consumers.

72.     Finally, privity is also not required because the Defective Vehicles are unsafe and hazardous instrumentalities due to, among other matters, the lack of engine immobilizers.

73.      Pursuant to 15 U.S.C. § 2310(e), Plaintiffs are entitled to bring this class action and are not required to give Defendants notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

74.     Furthermore, affording Defendants an opportunity to cure their breach of warranties would be unnecessary and futile.

75.     At the time of sale or lease of each Defective Vehicle, the Defendants knew, should have known, or were reckless in not knowing of their misrepresentations and omissions concerning the Defective Vehicles' inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defective design.

76.     Under the circumstances, the remedies available under any informal settlement procedure would be inadequate, and any requirement that Plaintiffs resort to an informal dispute resolution procedure and afford Defendants a reasonable opportunity to cure their breach of warranties is excused and thereby deemed satisfied.

77.    The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum of $25.

78.    The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

79.    Plaintiffs, individually and on behalf of the other Class members, seeks all damages permitted by law, including diminution in value of their vehicles, in an amount to be proven at trial.

80.    In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and the other Class members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiffs and the other Class members in connection with the commencement and prosecution of this action.

81.    Additionally, Plaintiffs and each of the other Class members are entitled to equitable relief under 15 U.S.C. § 2310(d)(1), including Defendants being required to fix these vehicles.

## COUNT III - UNJUST ENRICHMENT

82.    Plaintiffs re-allege and incorporate herein all other allegations in this Complaint.

83.    Plaintiffs and the Nationwide Class and/or Missouri Sub-Class members purchased vehicles from the Defendants that they would not have purchased had they known that the vehicles, among other defects, contain no engine immobilizers, are far

easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers.

84.     The Defendants were therefore unjustly enriched at the expense of and to the detriment of the Plaintiffs and the Class.

85.     Plaintiffs and the Nationwide Class and/or Missouri Sub-Class are therefore entitled to restitution from the Defendants, and seek an order requiring the Defendants to disgorge all profits, benefits and other compensation the Defendants obtained from the sale of these products.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## COUNT IV – BREACH OF IMPLIED WARRANTY

86.     Plaintiffs re-allege and incorporate herein all other allegations in this Complaint.

87.     Defendants are merchants with respect to the sale of the Defective Vehicles purchased by Plaintiffs.

88.     Defendants, by selling the Defective Vehicles, impliedly warranted that the vehicles were merchantable with respect to goods of that kind.

89.     Defendants sold the Defective Vehicles to Plaintiffs through its dealership in Jackson County, Missouri.

90.     The Defective Vehicles sold by Defendants to Plaintiffs did not conform with the implied promises made with respect to the labels and material that

accompanied the product. Specifically, by failing to reasonably disclose the vehicles did not have  engine immobilizers, Defendants implied that the Defective Vehicles were not far easier to steal than other vehicles, were thereby safe, and where worth as much as vehicles that possessed engine immobilizers.

91.    As a result of having no engine immobilizer, among other defects, the Defective Vehicles were not merchantable and Defendants breached their implied warranty of merchantability with respect to the Defective Vehicles.

92.    Had Plaintiffs known that the Defective Vehicles lacked an engine immobilizer, among other defects, making them fareasier to steal, and were thereby unsafe and worth less than their sales price, they would not have purchased them or would have paid significantly less for the vehicles. As a result of Defendants' breach of implied warranty, Plaintiffs, and the Nationwide Class and/or Missouri Sub-Class members have suffered economic injuries.

93.    Defendants are being provided notice by receipt of demand made by Plaintiffs on behalf of themselves and the putative class through the filing of this Complaint. In addition, Defendants has actual notice of the defect.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## **COUNT V – BREACH OF EXPRESS WARRANTY**

94.    Plaintiffs re-allege and incorporate herein all other allegations in this Complaint.

95.     Defendants are and at all relevant times were merchants with respect to motor vehicles under U.C.C. § 2-313.

96.     Upon information and belief, in the course of selling its vehicles, Defendants expressly warranted in writing that the Defective Vehicles were high quality, properly designed, in conformance with applicable federal standards, and at a minimum, would work properly.

97.     Defendants breached their express warranties for the Defective Vehicles by, among other things, selling or leasing to Class members Defective Vehicles that are not free of material defects; they contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers, which they should.

98.     Due to the Defendants' breach of warranties as set forth herein, Plaintiffs and the Class assert as an additional and/or alternative remedy, as set forth in U.C.C. §§ 2-608 and 2-711, for a revocation of acceptance of the goods, and for a return to Plaintiffs and to the Class of the purchase price of all vehicles currently owned and for such other incidental and consequential damages as allowed under U.C.C. §§ 2-608 and 2-711.

99.     Defendants were provided notice of these issues by complaints filed against them, including the instant complaint, and, upon information and belief, by numerous individual letters and communications sent by customers before or within a reasonable amount of time after the allegations of vehicle defects became public.

100.   As a direct and proximate result of Defendants' breach of express warranties, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request relief and judgment against Defendants as follows:

a.   That the Court enter an order certifying the Class, appointing Plaintiffs as representatives of the Nationwide Class, appointing Plaintiffs' counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Nationwide Class;

b.   Alternatively, that the Court enter an order certifying the Missouri Sub-Class, appointing Plaintiffs as representatives of the Missouri Sub-Class, appointing Plaintiffs' counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Missouri Sub-Class;

c.   For a judgment against Defendants for the causes of action alleged against it;

d.   For damages in an amount to be proven at trial;

e.   For appropriate injunctive relief, enjoining the Defendants from selling the Defective Vehicles and ordering them to fix or replace the vehicles;

f.   For attorney's fees;

g.   For Plaintiffs' costs incurred; and

h.    For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues so triable.

Dated July 21, 2022

Respectfully submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

/s/ Jonathan M. Soper

| | |
|---|---|
| Kenneth B. McClain | #32430 |
| Paul D. Anderson | #65354 |
| Chelsea M. Pierce | #64012 |
| Jonathan M. Soper | #61204 |

221 W. Lexington, Suite 400
Independence, Missouri 64050
Telephone:   (816) 836-5050
Facsimile:    (816) 836-8966
kbm@hfmlegal.com
pda@hfmlegal.com
cmp@hfmlegal.com
jms@hfmlegal.com
**ATTORNEYS FOR CLAIMANTS**